UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORRAINE PARMER,

    Plaintiff,

    v.

WACHOVIA, now doing business as WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

No. C 11-0672 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss the complaint came on for hearing before this court on April 20, 2011. Plaintiff Lorraine Parmer ("plaintiff"), who is represented by counsel, failed to appear. Defendant Wachovia, now doing business as Wells Fargo Bank, N.A. ("defendant"), appeared through its counsel, Michael Rapkine. Having read the defendant's papers (plaintiff also having failed to oppose the motion) and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court GRANTS defendant's motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

    1.    Each of plaintiff's state law claims is preempted by the Home Owner's Loan Act ("HOLA"). As defendant's request for judicial notice demonstrates, the World Savings Bank was federally chartered by the Office of Thrift Supervision as a federal savings bank – as was its successor, Wachovia (Wachovia then merged into Wells Fargo). See Request for Judicial Notice ("RJN"), Exs. C-G. Thus, World Savings Bank, Wachovia, and its successor Wells Fargo, were subject to HOLA with respect to the origination and ownership of plaintiff's loan, and any claims asserted by plaintiff related to the origination of his underlying loan, the disclosures made in connection therewith, or the servicing or

processing of the loan or its sale to a subsequent purchaser, are all preempted. See 12 C.F.R. § 560.2(b)(9-10)(explicitly listing state laws that are preempted by HOLA, and including those laws that deal with "disclosure and advertising" related to the extension of credit in connection with loans, and laws that deal with the servicing, origination, and sale of loans).[1]

This encompasses all six of plaintiff's state law claims. Plaintiff's section 17200, fraud, and fraud in the inducement claims are rooted in allegations that defendant made numerous untrue or misleading statements regarding loan terms, payment obligations, interest, fees, and penalties at the time of loan origination – all of which fraudulently induced plaintiff to enter into the mortgage loan in question. See, e.g., Complaint, ¶¶ 40-41, 50-51. Plaintiff's unfair business practices claim, for its part, alleges that in addition to defendant's fraudulent representations, defendant's business model and underwriting standards were also designed to allow for the issuance of larger loans at origination, which created an "environment of unfair business practices." Complaint, ¶ 61. And plaintiff's claims to set aside the Trustee's Sale and Cancel the Trustee's Deed, and for Promissory Estoppel, allege defendant's purportedly wrongful acts in executing a foreclosure sale pursuant to the Deed of Trust, and in making misleading representations concerning a loan modification with respect to the property. See Complaint, ¶¶ 65-66, 72-75. Each of the foregoing claims, therefore, relates to the origination of plaintiff's underlying loan, the disclosures made in connection therewith, or the servicing or processing of the loan and/or its sale to a subsequent purchaser. Accordingly, HOLA preemption results, and all six of

---

[1] To the extent that successor Wells Fargo's status as a national bank, rather than a federally chartered federal savings bank, is deemed significant for purposes of preemption, it is sufficient to note that the preemptive scope of the National Bank Act ("NBA") – pursuant to which the Office of the Comptroller of the Currency ("OCC") is charged with supervision of national banks – and HOLA have the same effect. See NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 256 (1995); see also, e.g., Aguayo v. U.S. Bank, 2009 WL 3149607, *3 (S.D. Cal. 2009) (citing 12 U.S.C. § 93a; 69 Fed. Reg. 1904, 1907 (January 13, 2004)). Furthermore, the regulations applicable to national banks pursuant to the National Bank Act are substantially the same as those set forth under HOLA. See 12 C.F.R. § 34.4 provides. Accordingly, the court's preemption analysis remains the same.

plaintiff's claims are DISMISSED, with prejudice.

  2. Plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA") is time-barred.  Plaintiff alleges that defendant violated RESPA by making "statements" regarding the terms and obligations of the mortgage loan in question, and by making statements "regarding the prepayment penalty," including statements regarding the payment of kickbacks or fees in order to waive the prepayment penalty.  Complaint, ¶ 44.  The court construes these allegations to mean that defendant purportedly made inaccurate or misleading statements regarding the foregoing.  With respect to any RESPA violation based on defendant's alleged disclosures relating to the terms of the loan, plaintiff fails to identify the provision pursuant to which she brings suit.  However, to the extent that plaintiff attempts to state a claim for relief based on a violation of § 2603 or § 2604, there is no private right of action for disclosure violations under § 2603, Bloom v. Martin, 865 F.Supp. 1377, 1384-85 (N.D. Cal. 1994), or under § 2604, Bamba v. Resource Bank, 568 F.Supp.2d 32, 34-35 (D.D.C. 2008)(citing Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997)).  And to the extent plaintiff attempts to state a claim for relief based on a violation of § 2605 of RESPA, claims under this section are governed by a three-year statute of limitations.  See 12 U.S.C. § 2614.  Since the origination of plaintiff's loan occurred in February 2007, and plaintiff did not file the instant complaint until January 2011, any RESPA claim premised on disclosure violations pursuant to § 2605 is accordingly time-barred.

  Plaintiff's remaining allegations related to defendant's statements "regarding the prepayment penalty," and the payment of kickbacks or fees required in order to waive the prepayment penalty, fall under 12 U.S.C. § 2607, which provides: "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person...".  And since the limitations period for an action alleging a violation under § 2607 is

one year, see 12 U.S.C. § 2614, plaintiffs' claim pursuant to § 2607 is similarly time-barred.

Accordingly, plaintiff's RESPA claim is DISMISSED, and in the absence of any argument by plaintiff's counsel identifying any allegations capable of curing the statute of limitations defect, the dismissal is with prejudice.

3. Finally, to the extent that plaintiff alleges that defendant violated the Truth in Lending Act ("TILA") by failing to properly examine plaintiff's "repayment ability" and to disclose key provisions of plaintiff's loan – including the applicable interest rate, specific loan terms and total dollar amount of the mortgage – plaintiff's claim is time-barred. See Complaint, ¶ 47. A plaintiff's damage claim relating to improper disclosures under TILA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed). As noted, the transaction here occurred in February 2007 – more than one year prior to the time plaintiff filed the instant complaint.

Plaintiff's allegations cannot, moreover, support a rescission claim under TILA, since the foreclosure sale being challenged has already occurred. See 15 U.S.C. § 1635(f)("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."); see also 12 C.F.R. § 226.23(a)(3)("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.").

Accordingly, plaintiff's TILA claim is DISMISSED. As with the foregoing claim, and in the absence of any argument by plaintiff's counsel identifying any allegations capable of curing the statute of limitations defect, this dismissal is with prejudice.

In sum, therefore, defendant's motion to dismiss is GRANTED, and each of plaintiff's claims is dismissed with prejudice. In view of the foregoing analysis, the court furthermore DENIES defendant's accompanying motion to strike as moot.

**IT IS SO ORDERED.**
Dated: April 22, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge